ALBERT E. ATWOOD *vs.* CORINNE E. JOSLIN, *et al. Admrs.*

FEBRUARY 26, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit against the administrators of the estate of William H. Joslin, late of the town of Scituate in this state, deceased intestate. It is based on an alleged cause of action against the intestate at the time of his death, on which a claim was later, in due course, filed in the probate court against his estate and duly disallowed by the administrators.

The action was tried before a justice of the superior court and a jury, upon an amended declaration of one count, in

which the plaintiff alleged that, having a gainful employment he gave it up at the request of the intestate and in reliance upon an undertaking and promise then made by the latter to employ the plaintiff at a compensation not less than he was then receiving, which promise and undertaking the intestate neglected and refused to perform, causing damage to the plaintiff. The plaintiff also alleged in this declaration that many times afterwards the intestate, in consideration of the damage thus suffered by the plaintiff and also in consideration of the plaintiff's forbearance to sue therefor, undertook and promised to reimburse the plaintiff therefor, but never did so.

At the close of the plaintiff's evidence at the trial, the defendants moved for a nonsuit and, although the defendants' case had not been closed, the plaintiff moved for a direction of a verdict in his favor. The trial justice granted the former of these motions and denied the latter. The case is now before us on the plaintiff's bill of exceptions, stating exceptions by him to these two rulings, and stating also only one other exception, which has been abandoned.

The evidence for the plaintiff was substantially to the effect that about thirteen years before the death of the intestate, the plaintiff was employed by the Rhode Island Company on its Danielson trolley car line; that the company then abandoned that line, and at that time adopted a plan by which any of its employees on that line could, if they chose to do so, continue in its employment in some other part of its trolley car system, without any reduction in their pay; that a short time before the plaintiff ceased to work on the Danielson line, the intestate offered him a job, telling him that the intestate wanted him to work for the intestate and that the plaintiff would never be sorry if he did; that in reliance on this offer he did not work for the Rhode Island Company after the abandonment of the Danielson line; but that, although the intestate for some years kept promising him a job and he kept asking the

intestate for one, the intestate never gave him any and he therefore suffered much damage from unemployment.

But the evidence did not show, directly or by any reasonable inference, that the intestate promised the plaintiff a job in consideration that the plaintiff would cease to work for the Rhode Island Company; or that the intestate promised the plaintiff a job to begin at any definite time, or stated any terms or hours of employment or any rate of pay, or that the plaintiff ever agreed to work for the intestate on any terms. In other words, the evidence did not show, directly or by any reasonable inference, that the plaintiff and the intestate ever came to any agreement.

The most that the evidence tended to prove was that the plaintiff did not apply for further employment with the Rhode Island Company, under its plan above mentioned, because, from what the intestate had said to him about wanting him to work for the intestate, he expected to get a better job than the one he could have had with that company, and that then, because he got no job from the intestate, he did not have any job at all for some time. But, if all that was true, it would not give him a cause of action against the intestate.

There was no evidence that the plaintiff ever threatened to sue the intestate in his lifetime and no evidence to support the allegation in the amended declaration that, in consideration of forbearance by the plaintiff to sue the intestate for damages, the intestate promised to reimburse him therefor.

We do not find in the case any evidence which would support a verdict for the plaintiff and therefore, in our judgment, the trial justice did not err in granting the defendants' motion for a nonsuit. For the same reason and also because a motion for the direction of a verdict for the plaintiff was not in order before the defendants' case was closed, the trial justice did not err in denying the plaintiff's motion for such a direction.

The plaintiff's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the nonsuit.

*F. Snowden Skinner,* for plaintiff.

*Alfred G. Chaffee,* for defendant.